IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DESMOND KEELS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-2271** |
| | : | |
| **MS. CARNEY BLANCHE,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 11th day of August, 2022, upon consideration of Plaintiff Desmond Keels's *pro se* Second Amended Complaint (ECF No. 17), docketed as a "Motion," it is **ORDERED** that:

1. The Court is **DIRECTED** to **TERMINATE** the "Motion" (ECF No. 17) and amend the docket to reflect that the filing is a "Second Amended Complaint."

2. For the reasons stated in the Court's Memorandum, the Second Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

    a. Keels's Due Process and Equal Protection claims, his Robinson-Patman Act claims, his claims based on confiscation of property and handling of grievances, and his Fourth Amendment claims are **DISMISSED WITH PREJUDICE**.

    b. Keels's conditions of confinement and access to courts claims, and his state law claims are **DISMISSED WITHOUT PREJUDICE**.

3. Keels may file a third amended complaint within **thirty (30) days** of the date of this Order, but he may not reassert any claims that have been dismissed with prejudice. Any third amended complaint must identify all defendants in the caption of the third amended complaint in

addition to identifying them in the body of the third amended complaint, and shall state the basis for Keels's claims against each defendant. The third amended complaint must also provide as much identifying information for the defendants as possible. Keels may refer to a defendant by last name only if that is the only identifying information possessed. If Keels wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] The third amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his third amended complaint, Keels should be mindful of the Court's reasons for dismissing the claims in his Second Amended Complaint as explained in the Court's Memorandum. **Keels is notified that any third amended complaint will be treated as the governing pleading in this case and must contain any claims upon which he seeks to proceed. This means that if Keels files a third amended complaint, he must reassert the retaliation claims the Court did not dismiss if he still seeks to pursue them. If he does not reassert them, they may be considered abandoned.** Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

    4.    The Clerk of Court is **DIRECTED** to send Keels a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Keels may use this form to file his third amended complaint if he chooses to do so.[2]

    5.    If Keels does not file a third amended complaint the Court will direct service of his Second Amended Complaint on Defendants Richards, Rogers, and Ryan **only** so that Keels may

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Keels may file.

[2] This form is available on the Court's website at: http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

proceed on the retaliation claims that remain pending against them.  Keels may also notify the Court that he seeks to proceed on these claims rather than file a third amended complaint.  If he files such a notice, Keels is reminded to include the case number for this case, 21-2271.

6. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                **BY THE COURT:**

                */s/ Mitchell S. Goldberg*
                **MITCHELL S. GOLDBERG, J.**