## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DESMOND KEELS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-2271** |
| | : | |
| **MS. CARNEY BLANCHE,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM OPINION</u>

**GOLDBERG, J.**                                                      **JANUARY 19, 2023**

Plaintiff Desmond Keels, who is currently incarcerated at the Philadelphia Industrial Correctional Center ("PICC"), [1] has filed a *pro se* Third Amended Complaint. ("TAC" (ECF No. 22)). The TAC, raising claims pursuant to 42 U.S.C. § 1983, alleges violations of Keels's constitutional rights. For the following reasons, the Court will permit Keels to proceed on his retaliation claim against Defendants Richards, Rogers and Ryan, but dismiss the remainder of his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). [2] Keels's claims against Richards, Rogers, and Ryan will be served for a responsive pleading at this time.

---

[1] The publicly available docket in *Commonwealth v. Keels* reflects that on May 24, 2021, Keels entered a negotiated guilty plea to charges of murder, aggravated assault, and possession of an instrument of crime. He is awaiting sentencing. *Commonwealth v. Keels*, No. CP-51-CR-107351-2005 (C.P. Phila.). Keels filed his original Complaint on May 7, 2021, before pleading guilty to the charges against him.

[2] Keels also included a request for a preliminary injunction and supporting memorandum with his TAC. (*See* ECF No. 22 at 20-23.) As relief, Keels requests that the Defendants fix commissary, phone, and video pricing, allow Keels access to the law library, release Keels into the general population with single-cell status, return Keels to his past employment, and cure him of COVID-19. (*Id.* at 23.) Because the requested injunctive relief does not relate to the retaliation claims that will proceed past statutory screening, the requested relief is not plausible. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d

## I.      FACTUAL ALLEGATIONS

Keels's original Complaint named the following Defendants: Blanche Carney, the Deputy Commissioner of the Philadelphia Department of Prisons ("PDP"); Michelle Farrell, the Warden at PICC; Mr. Williams, the Deputy of PICC; and John/Jane Doe, the Keefe Supervisor of PICC responsible for the operations of the Keefe Commissary in the PDP.  (ECF No. 2 at 2.) All of the Defendants were sued in their official and individual capacities.  (*Id.*)  Upon screening the Complaint, the Court dismissed it in its entirety pursuant to § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8.  Keels was granted leave to file an amended complaint.  (ECF No. 13.)  Keels filed an Amended Complaint, followed shortly thereafter by a Second Amended Complaint.  (ECF Nos. 16, 17.)

Keels's claims fell into two categories – claims arising from an alleged price-gouging scheme engaged in by some of the named Defendants, and claims related to retaliation allegedly engaged in by other named Defendants after Keels commenced a civil lawsuit to redress harm from the price-gouging scheme.  *Keels v. Blanche*, No. 21-22271, 2022 WL 3350368, at *4-8 (E.D. Pa. Aug. 11, 2022).  Upon screening the Second Amended Complaint, the Court dismissed with prejudice Keels's due process, equal protection, and Robinson-Patman Act claims based on commissary pricing, his Fourth Amendment claim based on confiscation of personal property, and all claims related to the handling of his grievances.  (*Id.*)  Keels's access to courts claim and his conditions of confinement claim based on denial of access to food, clothing and sundries were dismissed without prejudice.  (*Id.* at 5, 7.)  The Court determined that Keels had stated plausible retaliation claims against Defendants Richards, Rogers, and Ryan.  (*Id.* at 7.)  Keels

---

Cir. 1999) ("A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate.").  In light of the Court's disposition of the claims to which the injunctive relief is directed, Keels cannot establish that he is likely to succeed on the merits of his claims, and his request for injunctive relief must therefore be denied.

was given the option of proceeding on those claims or filing a Third Amended Complaint.  (*Id.* at

7.)  He chose to file the TAC, which is now ripe for screening.

Keels asserts the same claims against the same Defendants that he named in his Second

Amended Complaint.[3]  To the extent that the TAC repeats claims already dismissed with

prejudice, the Court will not further consider them.  These include (1) all claims related to an

alleged price-gouging scheme EXCEPT claims based on Keels's own inability to obtain food,

clothing, or sundries as a result of the alleged scheme; (2) all claims related to confiscation of

Keels's belongings from his cell; and (3) all claims related to handling of grievances that Keels

filed.  To the extent Keels's allegations relate to claims he was permitted to amend, the Court

will include the relevant factual allegation along with the discussion of the applicable legal

principles.  The Court notes that Keels has included allegations in his TAC relating to his

retaliation claims against Defendants Ryan, Rogers and Richards arising from the confiscation of

his property in retaliation for his filing of the instant civil lawsuit.  (*Id.* at 10, 11.)

Keels has also included allegations related to his conditions of confinement claim based

on deprivation of food, clothing, and sundries.  Specifically, he alleges that he was not provided

with shower shoes when he arrived at the Curran-Fromhold Correctional Facility and was forced

to buy them at the commissary or face discipline for a sanitary violation.  He also alleges that he

was not provided with underwear.  However, he does not allege that he was unable to purchase

these items.  (*Id.* at 14.)  He claims that while in disciplinary segregation, he had no access to the

commissary.  (*Id.*)  However, he does not describe any items of which he was deprived during

this time.  (*Id.*)  Keels also includes a list of items and their cost when purchased through the

---

[3] Keels claims to have not understood the Court's earlier Order and that he could not determine
which claims were dismissed and which allowed to proceed.  (TAC at 4.)

PDP.  (*Id.* at 16.)  However, he does not allege that he was unable to purchase these items or was not provided with an adequate substitute elsewhere.  (*Id.*)

Keels has also included allegations related to his access to courts claim arising from the confiscation of his books.  Keels alleges that 21 books were confiscated from him and that this resulted in a denial of his access to the courts.  (*Id.* at 16.)  He avers that there are no programs providing legal assistance to prisoners, and that law library access has been restricted during the pandemic.  (*Id.*)  However, he does not describe any claims lost to him due to the confiscation of his books or lack of access to the law library.  (*Id.*)

Keels also raises new claims in the TAC.  He claims that in certain housing areas light fixtures are missing, cells are overrun with vermin, medical needs are not addressed, and no cleaning utensils are provided to prisoners, increasing the risk of the spread of infectious disease. (*Id.* at 6.)  However, he does not allege that he is living in these conditions or allege how he was impacted by these conditions.  (*Id.*)  Keels also alleges that inmates with serious mental illnesses are segregated in the restricted housing units, that no rules govern discipline of these inmates, there are no personalized mental health services provided to these inmates, there are no structured out of cell activities offered to these inmates, and these inmates are subject to prolonged assignment to restricted housing following psychotic episodes over which they have no control.  (*Id.* at 7, 8.)  Although he does allege that he suffers from a serious mental illness for which he is receiving medication (*id.* at 2), Keels does not describe any instances in which the alleged shortfall in resources has affected him.[4]  (*Id.*)

---

[4] Keels also alleges that Defendants Carney and Farrell are denying Islamic inmates the right to participate in prayer, feasts, to adhere to a religious diet, or to contact appropriate spiritual advisors.  (*Id.* at 9.)  He does not allege that he is Islamic or that he has been denied the ability to practice his religion freely.  (*Id.*)  His single conclusory reference to purported religious discrimination that does not appear to impact him is not sufficient to allege a plausible First Amendment claim under § 1983.  Moreover, in the context of the TAC, it does not appear to be

Based on the foregoing, the Court will screen Keels's claims against the Defendants based on conditions of confinement, confiscation of property, and retaliation.

## II.    STANDARD OF REVIEW

Keels was previously granted leave to proceed *in forma pauperis*. (*See* ECF No. 9.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the TAC if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Keels is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

The Court understands Keels to be reasserting constitutional claims related to retaliation engaged in by some of the named Defendants when Keels pursued a civil lawsuit to redress harm from a price-gouging scheme.  The Court also understands him to be asserting new conditions of

---

the focus of Keels's claims.  To the extent these allegations are intended to raise a claim, that claim is dismissed with prejudice.

confinement claims.  The vehicle by which constitutional claims are presented in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  For the reasons previously explained to Keels, his claims based on commissary pricing, and his claims based on confiscation of his property will again be dismissed with prejudice.  *See Keels*, 2022 WL 3350368, at *4-5.  Keels's conditions of confinement claim based on access to commissary items and his access to courts claim will be dismissed with prejudice.  Keels's newly asserted conditions of confinement claims will also be dismissed with prejudice.  Keels's First Amendment retaliation claims will be served for a responsive pleading.

### A.      Claims Based on Conditions of Confinement

After fully explaining the law governing a conditions of confinement claim, *see Keels*, 2022 WL 3350368, at *5-6, the Court dismissed Keels's conditions of confinement claim related to the alleged price-gouging scheme to the extent he alleged he was deprived of certain items.[5] The dismissal was without prejudice and Keels was permitted to amend if he was capable of alleging an instance where he had been deprived of food, clothing, or personal hygiene items.  *Id.*

In his TAC, Keels alleges that he was not provided with shower shoes when he arrived at the Curran-Fromhold Correctional Facility and was forced to buy them at the commissary or face discipline for a sanitary violation.  He also alleges that he was not provided with underwear.  However, he does not allege that he was unable to purchase these items or that he actually had no underwear.  (TAC at 14.)  He claims that while in disciplinary segregation, he had no access to the commissary.  (*Id.*)  However, he does not describe any items of which he was deprived

---

[5] Keels's repeated claim in the TAC based on prisoners' inability to purchase items at the Keefe Commissary because of alleged price gouging was already dismissed with prejudice.

during this time.  (*Id.*)  Although he complains about the price of a list of commissary items (*id.* at 16), he does not allege that he was unable to purchase these items or was not provided with adequate substitutes.  (*Id.*)  Accordingly, these allegations fail to allege a plausible conditions of confinement claim.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979) (holding that a prisoner must allege that his conditions of confinement amount to punishment).

Keels also raises new allegations in the TAC that in certain housing areas, light fixtures are missing, cells are overrun with vermin, medical needs are not addressed, and no cleaning utensils are provided to prisoners, increasing the risk of the spread of infectious disease.  (TAC at 6.)  However, he does not allege that he is housed under these conditions.  (*Id.*)  Keels also alleges that inmates with serious mental illnesses are segregated in the restricted housing units, that no rules govern discipline of these inmates, there are no personalized mental health services provided to these inmates, there are no structured out of cell activities offered to these inmates, and these inmates are subject to prolonged assignment to restricted housing following psychotic episodes over which they have no control.  (*Id.* at 7, 8.)  Keels, again, does not allege that he has been affected by these deprivations.  (*Id.*)

Keel's claims based on the conditions of certain cells and the lack of resources for inmates with severe mental illness fail because he does not allege that he is housed in a cell suffering from the shortcomings described and does not allege that he has sustained an injury due to the lack of resources available to mentally ill inmates.  Having previously provided Keels with the elements of a plausible conditions of confinement and noting that his newly asserted claims suffer from the same pleading defect as his earlier claims – failure to allege injury arising from the alleged conditions - the claims will be dismissed with prejudice.

### C.      Claims Based on Confiscated Property

The Court previously dismissed a claim for denial of access to the courts based on the confiscation of Keels's books.  *Keels*, 2022 WL 3350368, at *6-7.   The claim was dismissed as not plausible because Keels did not describe any "nonfrivolous" or "arguable" claims that he lost or that were otherwise impacted by the loss of the books, and, therefore, had failed to plausibly allege an actual injury caused by the deprivation of the books.  *Id.*  A Fourth Amendment claim based on loss of property was found not plausible because Keels had an available state law remedy for the deprivation, and a possible search and seizure claim was found not plausible because Keels had no right to privacy in his jail cell.  *Id.*  It is unclear whether Keels is reasserting his claims against Defendants Rogers, Richards and Ryan based on their confiscation of his books upon his arrival at CFCF.  To the extent that he is, his claim based on confiscation of the books and his related Fourth Amendment claims will be dismissed for the reasons previously stated.  *Id.*

In his TAC, Keels alleges that the 21 books that were confiscated from him denied him access to the courts.  (TAC at 16.)  He also avers that there are no programs providing legal assistance to prisoners, and that law library access has been restricted during the pandemic.  (*Id.*) He does not describe any "nonfrivolous" or "arguable" claims lost to him due to the confiscation of his books or lack of access to the law library.  (*Id.*)  For the reasons already explained to Keels, see Keels, 2022 WL 3350368, at *7, his access to the courts claim is again dismissed as plausible due to this defect.  As Keels has already been given an opportunity to cure the defects in this claim and has been unable to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  This claim will be dismissed with prejudice.

**D.      Claims Based on Retaliation**

The Court previously held that Keels had stated a plausible retaliation claim against Defendants Richards, Rogers, and Ryan based on their confiscation of his property in retaliation for his filing of a civil lawsuit.  Keels included allegations supporting that claim in his TAC as directed.  (*See* TAC at 10, 17.)  Keels has alleged plausible claims for retaliation and these claims will be served for a responsive pleading.

**IV.     CONCLUSION**

For the reasons stated, the Court will permit Keels to proceed on his retaliation claims against Defendants Richards, Rogers and Ryan, and dismiss the remainder of the TAC pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as set forth herein.  Keels's request for injunctive relief will be denied.  An appropriate Order accompanies this Memorandum.